**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN A. E.,[1]                                          Case No. 1:21-cv-00608
     Plaintiff,                                       Black, J.
                                                        Litkovitz, M.J.

    vs.

COMMISSIONER OF                                         **REPORT AND**
SOCIAL SECURITY,                                        **RECOMMENDATION**
     Defendant.

This matter is before the Court on plaintiff's counsel's motion for attorney fees under 42

U.S.C. § 406(b).  (Doc. 24).  The Commissioner filed a response indicating that he does not

contest the motion.  (Doc. 27).  Plaintiff filed a reply in support of his motion (Doc. 29).

On July 25, 2022, following plaintiff's statement of specific errors (Doc. 12), the District

Judge granted the parties' joint motion (Doc. 17) to remand the case to the Agency for further

administrative proceedings.  (Doc. 18).  Thereafter, the Court granted the parties' joint

stipulation for an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the

amount of $6,000.00.  (Doc. 22).  The Agency issued plaintiff's Notice of Award on November

14, 2022.  (Doc. 24-5).

As a threshold matter, plaintiff's counsel acknowledges his motion is untimely under

S.D. Ohio Civ. R. 54.2(b)(2), which requires motions seeking fees under 42 U.S.C. § 406(b) to

be filed "no later than forty-five days after entry of judgment or the date shown on the face of the

social security certificate award (notice of award), whichever is later."  Plaintiff's counsel and

the Commissioner agree, however, that plaintiff's counsel did not receive the Notice of Award

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

until March 28, 2024.  Plaintiff's counsel affirms that, prior to March 28, 2024, he repeatedly

sought this and other information about plaintiff's case at the administrative level.  (*See* Doc. 24-

2).  Under the circumstances, plaintiff's counsel requests the Court find good cause to consider

the motion.

Courts have applied equitable tolling, in the interests of justice, to consider untimely

motions for attorney's fees as if timely filed.  *Chad M. v. Comm'r of Soc. Sec.*, No. 1:21-cv-682,

2024 WL 1240799, at *3 (S.D. Ohio Mar. 22, 2024) (report and recommendation), *adopted sub*

*nom. Chad M. v. Comm'r of Soc. Sec. Admin.*, 2024 WL 1533339 (S.D. Ohio Apr. 9, 2024).  The

Court considers the following factors to determine whether equitable tolling of the fee-motion

deadline is appropriate:

> (1) [plaintiff's counsel]'s lack of [actual] notice of the filing requirement; (2)
> [plaintiff's counsel]'s lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights; (4) absence of prejudice to the
> [Commissioner]; and (5) [plaintiff's counsel]'s reasonableness in remaining
> ignorant of the legal requirement for filing. . . .

*Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453-54 (6th Cir. 2018) (quoting *Cook v. Comm'r of*

*Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)).  Plaintiff's counsel's affirmation and the

Commissioner's response demonstrate that plaintiff's counsel knew the deadline and diligently

tried to comply with it but was prevented by factors beyond plaintiff's counsel's control.  Under

these circumstances, all of the factors weigh in favor of considering the late-filed motion.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney

a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for

work done in a judicial proceeding.  42 U.S.C. § 406(b)(1)(A).  *See Horenstein v. Sec'y of*

*H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work

performed before the court, and not before the Social Security Administration).  Fees are

awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court shall consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the
> rate is computed as the trial judge has computed it here [by dividing the hours
> worked into the amount of the requested fee].  In assessing the reasonableness of
> a contingent fee award, we cannot ignore the fact that the attorney will not prevail
> every time.  The hourly rate in the next contingent fee case will be zero, unless
> benefits are awarded.  Contingent fees generally overcompensate in some cases
> and undercompensate in others.  It is the nature of the beast.

*Id*.  "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable."  *Hayes*, 923 F.2d at 422.  *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $11,794.75 that plaintiff's counsel requests falls within the 25 percent boundary.  Thus, the issue is whether the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 807.  Plaintiff's counsel's motion for attorney's fees (Doc. 24) is supported by his affirmation (Doc. 24-2), his retainer agreement with plaintiff including a 25% contingency provision (Doc. 24-3), itemization of his 26.54 hours spent on this case in federal court (Doc. 24-4), and the November 14, 2022 Notice of Award dated (Doc. 24-5).

Dividing the $11,794.75 requested by counsel by the 26.54 hours counsel worked on the case before this Court yields a hypothetical hourly fee of $444.41.  In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 420-21 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."  *Id.* at 422.  As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social
> security attorneys are successful in approximately 50% of the cases they file in

the courts.  Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

. . . .

A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis.  It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

Plaintiff's counsel affirms that his non-contingent-fee billing rate is $500.00 per hour. (Doc. 24-2).  If the Court accepts this as the standard rate in the relevant market, plaintiff's counsel's fee is well below the threshold under which a windfall can "never occur" under *Hayes* and *Rodriquez*—as the hypothetical hourly rate is lower than the alleged standard rate itself. Even if the Court were not to find the hypothetical hourly rate reasonable *per se*, courts in this district have approved significantly higher hypothetical hourly rates under similar circumstances. *See Goffe v. Comm'r of Soc. Sec.*, No. 3:18-cv-115, 2021 WL 4901503, at *2 n.1 (S.D. Ohio Oct. 21, 2021) (finding a hypothetical hourly rate anywhere between $511.01 and $763.36 for 22.7 hours of work reasonable); *Kleisinger v. Comm'r of Soc. Sec.*, No. 1:15-cv-134, 2020 WL 2838510, at *2 (S.D. Ohio June 1, 2020) ($788.16 hypothetical hourly rate for 14.5 hours of work reasonable); *Martin v. Comm'r of Soc. Sec.*, No. 3:13-cv-336, 2017 WL 443137, at *2 (S.D. Ohio Feb. 2, 2017) (hypothetical hourly rate of $690.10 for 19.2 hours of work reasonable) (report and recommendation), *adopted sub nom. Martin v. Berryhill*, 2017 WL 680646 (S.D. Ohio Feb. 21, 2017); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *1-2 (S.D. Ohio Oct. 16, 2014) (hypothetical hourly rate of $750 for 24.75 hours of work reasonable) (report and recommendation), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014).

The Court finds that a fee of $11,794.75 is reasonable for the work plaintiff's counsel

performed in this Court on the above-captioned case and does not constitute a windfall to

plaintiff's counsel. *Hayes*, 923 F.2d at 422.  The Court notes that plaintiff's counsel did not

unduly delay the resolution of this matter, and he achieved an excellent result in this case by

obtaining a favorable disability determination with back pay benefits in the amount of

$47,179.00.  (Doc. 24-5).  Further, plaintiff voluntarily entered into the contingency fee

agreement with plaintiff's counsel, and plaintiff's counsel assumed the risk of non-payment.  The

Commissioner does not oppose the fee request.  (Doc. 27).[2]  Having reviewed plaintiff's

counsel's § 406(b) fee request in light of these considerations, the Court finds that a fee of

$11,794.75 is reasonable for the work plaintiff's counsel performed in this Court.  Plaintiff's

counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous

award of EAJA fees in the amount of $6,000.00.  (*See* Doc. 24-2).  *See Jankovich v. Bowen*, 868

F.2d 867, 871 & n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees

under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA

serve as reimbursement to the claimant for fees paid out of his or her disability award to his or

her counsel" and should be refunded to the client).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's counsel's motion for attorney's fees (Doc. 24) be **GRANTED** in the

    amount of $11,794.75 under 42 U.S.C. § 406(b); and

---

[2] In plaintiff's counsel's affirmation (Doc. 24-2), he indicated that he had not yet received the EAJA fee, and there appeared to be an unadjudicated period based on the Notice of Award.  At the time of this filing, plaintiff's counsel had not yet seen the Administrative Law Judge's (ALJ's) decision on remand.  The Commissioner explained in his response that the EAJA fee was paid to co-counsel, Sean Sobel, on January 31, 2023.  The Commissioner also attached the ALJ's decision (Doc. 27-1), which demonstrated that plaintiff had amended his alleged onset date.  In plaintiff's counsel's reply and at a July 29, 2024 status conference with the Court, plaintiff's counsel confirmed that the Commissioner's response satisfied his concerns.

2.  Plaintiff's counsel be **ORDERED** to remit $6,000.00 of this sum directly to plaintiff

    upon receipt.

Date: 7/31/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN A. E.,
      Plaintiff,

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.

Case No. 1:21-cv-00608

Black, J.

Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).